Per Curiam.

The special pleas are bad on this special demurrer. The first special plea is double, and contains distinct and independent matter, viz., a sale of the goods by order of the plaintiff, and a discharge under the insolvent act. The plea is bad, on special demurrer, in another respect. It amounts to the general issue, and though the old books contain numerous precedents of special pleas in trover, they are deservedly discountenanced in modern times, as leading to unnecessary expense and troublesome prolixity. The defendant could avail himself, under the general issue, of the matter pleaded; and though a special plea in trover was admitted in the late case of Webb v. Fox, (7 Term Rep. 391.) yet Lord Kenyon, who censured the plea, said it would have been bad on special demurrer. The last objection applies equally to both pleas, but the last plea is bad in substance, for it admits that the goods were consigned to the defendant to be sold for and on account of the plaintiff; and then, without stating any disposition of the goods, sets up the discharge under the insolvent act. The plea admits that the defendant took the goods as factor or trustee for the plaintiff, and such property does not pass by assignment under the insolvent act, nor will the discharge affect it. The defendant remains equally liable as trustee, since as before the discharge. (Kips v. Bank of New-York, 10 Johns. Rep. 63.) The first plea, so far as it sets up the discharge, and the second plea of the discharge are equally bad, because, a discharge under the insolvent act is no bar to an action of trover, which is grounded upon a tort or a wrongful conversion of the plaintiff’s property. The same rule applies to a case of bankruptcy in England, where it is no bar to an action of trover, though the conversion happen before the bankruptcy. (Parker v. Norton, 6 Term Rep. 695.)
The plaintiff is, accordingly, entitled to judgment upon both the demurrers.